IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **WILLIE SEAWARD,** | * |
| | * |
| **Plaintiff,** | * |
| | *   Civil No. TMD 12-3517 |
| v. | * |
| | * |
| | * |
| **CAROLYN W. COLVIN,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| **Defendant.**[1] | * |

\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Willie Seaward ("Plaintiff") seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 23).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

for Summary Judgment (ECF No. 23) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

**I**

**Background**

Plaintiff was born in 1964, has a high-school education, and previously worked as an automotive mechanic. R. at 19. Plaintiff applied for DIB protectively on March 18, 2004, alleging disability beginning on July 18, 2000, due to back and leg injuries. R. at 14, 78-80, 87-88. The Commissioner denied Plaintiff's application initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 26-35, 37-38.

An ALJ held a hearing on May 10, 2006 (R. at 372-418), and issued an unfavorable decision on August 21, 2006 (R. at 12-20). On May 4, 2007, the Appeals Council denied Plaintiff's request for review. R. at 5-7, 11. Plaintiff sought judicial review in this Court. *Seaward v. Astrue*, Civil No. JKS 07-1709 (D. Md. filed June 28, 2007). Upon the Commissioner's consent, the Court remanded the case on June 4, 2008. R. at 440-41.

The Appeals Council vacated the ALJ's decision and remanded the case on July 27, 2008. R. at 442-44. The ALJ held a hearing on October 21, 2008 (R. at 474-93), and issued an unfavorable decision on November 26, 2008 (R. at 419-38, 522-39). Plaintiff again sought judicial review in this Court. *Seaward v. Astrue*, Civil No. JKS 09-579 (D. Md. filed Mar. 9, 2009). Upon the Commissioner's consent, the Court remanded the case on July 12, 2010.

The Appeals Council remanded the case to a different ALJ on March 8, 2011. R. at 540-44. ALJ C.J. Sturek held a hearing on December 22, 2011, at which Plaintiff and a vocational expert ("VE") testified. R. at 876-903. On March 26, 2012, the ALJ issued a decision finding

Plaintiff not disabled from the alleged onset date of disability of July 18, 2000, through the date last insured of December 31, 2005. R. at 504-21. On July 18, 2012, Plaintiff filed exceptions to the decision with the Appeals Council (R. at 498-99), which declined to assume jurisdiction on September 25, 2012 (R. at 494-97). The ALJ's decision thus became the final decision of the Commissioner after remand. *See* 20 C.F.R. § 404.984(b)(2).

On November 29, 2012, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

**A.   State Agency Medical Consultants**

On February 7, 2005, James Biddison, M.D., a state agency medical consultant, assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 323-30. Dr. Biddison opined that Plaintiff could (1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 324. Plaintiff occasionally could climb, stoop, and kneel. R. at 325. He frequently could balance, crouch, and crawl. R. at 325. Plaintiff had no manipulative, visual, communicative, or environmental limitations, however. R. at 326-27.

On August 31, 2005, another state agency medical consultant, Mark Feld, M.D., also assessed Plaintiff's physical RFC. R. at 332-39. Dr. Feld opined that Plaintiff could (1) lift

and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling.  R. at 333.  Although Dr. Feld also opined that Plaintiff had no manipulative, visual, communicative, or environmental limitations, the doctor determined that Plaintiff occasionally could stoop, kneel, crouch, crawl, and climb ladders, ropes, and scaffolds.  R. at 334-36.

B.     **Hearing Testimony**

   1.     **Plaintiff's Testimony**

In his decision, the ALJ reviewed Plaintiff's testimony:

> At the hearing, [Plaintiff] testified that he is unable to work due to back pain that he suffered between 2000 and 2005.  He indicated that he was prescribed a cane in 2001.  He testified that he used a cane to walk or stand during the relevant period.  He also testified that he spent half of his day lying down, due to pain, and that he would only be active for an hour before he would have to lie down.  In addition, he testified he could sit . . . for fifteen to twenty minutes, or up to an hour, and that he could stand for five minutes to relieve pressure on his back.
>
> [Plaintiff] testified further that he suffered from numbness in his hands during the relevant time period.
>
> In terms of activities of daily living, he testified that he drove a vehicle from 2000 to 2005 and would visit his parents, who live approximately fifteen miles away from him.  He indicated he drove approximately once per week.  He indicated that he performed no household chores, but shopped for groceries with his wife.  He also testified that he watched television and attended church twice per month, which lasted for approximately two hours.  He testified that he does not read and has no hobbies.  Other than physical therapy, he indicated that he does not exercise.
>
> To help him sleep during the night, he testified that he would take medication.  He indicated that he slept approximately five hours per night and would sleep during the day, due to medication.  With respect to side effects from his medication (Vicodin and Motrin), he testified that he experiences drowsiness. While he indicated that the medication relieved his pain for approximately four hours, he also indicated that the medication did not relieve the pressure.  He also indicated that the medication would take approximately an hour to take effect.

4

R. at 512; *see* R. at 881-99.

**2.     VE Testimony**

Plaintiff's past work as an automotive mechanic is skilled and heavy.[3]  R. at 519, 885.  A hypothetical person of Plaintiff's same age, education, and work experience with the ALJ's RFC assessment as stated below could work as an order clerk or document preparer.  R. at 520, 899-901.  If Plaintiff's testimony were credible, however, he could not maintain any full-time work.  R. at 901-02.  A person using a cane to stand would not be able to work if that person used the cane with the dominant hand and did not have enough function in the other hand to maintain productivity.  R. at 902-03.  According to the VE, the job of order clerk can be performed with one hand.  R. at 903.

The Court reviews other portions of the record more fully in its discussion of Plaintiff's arguments below.  *See infra* Part VI.

### III

### Summary of ALJ's Decision

On March 26, 2012, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of July 18, 2000; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy, such as an order clerk or document preparer.  R. at

---

[3] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R. § 404.1567(d).

510-20. The ALJ accordingly found that he was not disabled from July 18, 2000, through the date last insured of December 31, 2005. R. at 520.

In finding that Plaintiff did not have an impairment or a combination of impairments meeting or equaling a listed impairment, the ALJ stated:

> [Plaintiff's] representative argued that [his] back impairment meets Listing 1.04. The undersigned disagrees. In making this finding, the undersigned considered Listing 1.04. Listing 1.04 is not met because there is no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis combined with either an inability to ambulate effectively, sensory or reflex loss, or the need for changes in position or posture more than once every two hours. [Plaintiff's] physical impairments do not meet or medically equal the criteria of Listing 1.04. The undersigned's finding is based upon the review of the evidence of record and based on the fact that no consultative examiner, treating source, medical expert, or Disability Determination Services (DDS) examiner has found that [Plaintiff] meets or equals a listing.

R. at 510-11.

The ALJ found that, through the date last insured, Plaintiff had the RFC

> to perform sedentary work, as defined in 20 CFR 404.1567(a), except with the following limitations. [Plaintiff] can lift up to five pounds frequently and up to ten pounds occasionally. He requires a sit/stand option at intervals of 15 to 30 minutes. He has the ability to walk or stand no more than 2 hours in an eight-hour workday. He is limited in his ability to push or pull with one lower extremity, such that any force requiring greater than ten pounds would preclude the activity. In addition, he has the following non-exertional limitations. He cannot perform work involving ladders, ropes, or scaffolds, crouching, squatting, or crawling. He cannot operate foot controls. He can perform other postural activities occasionally, which include use of stairs or ramps, balancing, bending, stooping, or kneeling. He must avoid concentrated exposure to extremes in temperatures, both hot [and] cold, as well as hazards such as moving machinery and unprotected heights. Finally, due to a combination of pain and the side effects of medication, he has limitations in the ability to concentrate, to maintain attention for extended periods as well as to keep a pace, but would be expected to remain productive throughout an eight-hour day.

R. at 511 (footnote omitted).[4]  The ALJ considered Plaintiff's credibility and found that his "medically[]determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  R. at 517.  Further, the ALJ afforded "substantial weight" to the opinions of Drs. Biddison and Feld.  R. at 517-18.

## IV

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a).

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements"

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

**VI**

**Discussion**

A.   **The ALJ's Step Three Determination**

Plaintiff contends that the ALJ erred in finding at step three of the sequential evaluation process that his impairments did not meet or medically equal Listing 1.04 in 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (R. at 510-11), and failed to address why his condition did not meet or equal Listing 1.04(A).  Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 14-1.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.'  A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'"  *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1.  "In evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met."  *Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).  However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments."  *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999).  "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment."  *Id.*

Moreover, "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."  *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 891

(1990). The claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). "[T]he ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability." *Bruette v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-1972, 2013 WL 2181192, at *4 (D. Md. May 17, 2013) (citing 20 C.F.R. § 404.1527(d)(2); Social Security Ruling ("SSR") 96-5p).[6]

> Listing 1.04(A) provides:
>
> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). In other words, "motor loss . . . accompanied by sensory or reflex loss" is one of the four symptoms of nerve root compression under Listing 1.04(A). *See Radford*, 734 F.3d at 291, 293.

Here, Plaintiff does not point to any evidence of any motor loss accompanied by sensory or reflex loss before his date last insured of December 31, 2005. Rather, in September 2000, no motor weakness was detected (R. at 218), and Plaintiff had full motor strength in October 2000 (R. at 217). In May 2001, he demonstrated normal motor strength, and his sensory examination

---

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

was grossly intact. R. at 209. In June 2003, although Plaintiff demonstrated decreased sensation in his right heel and foot, he had full motor strength in his lower extremities. R. at 166. In June 2004, Plaintiff demonstrated full motor strength in the lower extremities, although some sensory loss was evident. R. at 150. Accordingly, contrary to Plaintiff's contention, substantial evidence demonstrates that his impairments did not meet or equal Listing 1.04(A) before his date last insured of December 31, 2005. *See Ketcher*, 68 F. Supp. 2d at 645; *see also Howard v. Astrue*, No. PWG-07-2365, 2009 WL 3100246, at *2 (D. Md. Sept. 22, 2009) ("In Subsection A, Listing 1.04 requires [a] 'limitation of motion of the spine, motor loss, and sensory or reflex loss.' In this case, the medical documents of record—including those from Claimant's treating physician—indicate that she had good cervical and shoulder range of motion, normal motor strength and maintained intact sensory function and reflexes. Therefore Claimant's argument that she meets Listing 1.04A is without merit." (citations omitted)).

**B.     The ALJ's RFC Assessment**

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to SSR 96-8p. Pl.'s Mem. Supp. Mot. Summ. J. 9-15, ECF No. 14-1 (citing, *inter alia*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003)). Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 11.

Plaintiff's assertion is without merit. In this case, the ALJ discussed in narrative form the records and opinions of Plaintiff's examining sources. R. at 513-17. The ALJ also considered Plaintiff's allegations and credibility when determining his RFC. R. at 511-18. Thus, the ALJ's function-by-function assessment and narrative discussion were proper. *See Brown v. Astrue*, Civil Action No. TMD 09-1358, 2011 WL 3047635, at *2 (D. Md. July 22, 2011); *Walter v.*

*Astrue*, Civil No. JKS 08-639, 2009 WL 2584817, at *4 (D. Md. Aug. 19, 2009) (concluding that ALJ's "function by function" assessment was adequate because ALJ evaluated medical facts and opinions, as well as claimant's testimony and credibility, in narrative discussion). Accordingly, remand is not warranted.

Plaintiff maintains, however, that the ALJ failed to evaluate properly pertinent evidence, including an October 2003 functional capacity evaluation ("FCE") (R. at 366-71) and the opinions of two of his treating physicians that he was unable to work (R. at 198, 200-01, 272-73). Pl.'s Mem. Supp. Mot. Summ. J. 11-12, ECF No. 14-1.

> While the Commissioner's decision must contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]

*Reid v. Comm'r of Soc. Sec.*, __ F.3d __, No. 13-1480, 2014 WL 4555249, at *3 (4th Cir. Sept. 16, 2014) (citation omitted) (internal quotation marks omitted). Moreover, the burden is on the party attacking an agency's determination to show that prejudice resulted from the error. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696, 1705-06 (2009); *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) ("Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm."); *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("[R]eversal is not required when the alleged error 'clearly had no bearing on the procedure used or the substance of [the] decision reached.'" (quoting *Mass. Trs. of E. Gas & Fuel Assocs. v. United States*, 377 U.S. 235, 248, 84 S. Ct. 1236, 1245 (1964))). Furthermore, "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999); *see Fisher v. Bowen*,

Case 8:12-cv-03517-TMD   Document 24   Filed 11/06/14   Page 15 of 18

869 F.2d 1055, 1057 (7th Cir. 1989) (Posner, J.) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Rather, "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (Posner, J.); *see Bishop v. Comm'r of Soc. Sec.*, No. 14-1042, 2014 WL 4347190, at *2 (4th Cir. Sept. 3, 2014) (per curiam).

Here, the opinions of Plaintiff's treating physicians regarding his inability to work are not medical opinions, but opinions on an issue reserved to the Commissioner and thus not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d); *see also Thompson v. Astrue*, 442 F. App'x 804, 808 (4th Cir. 2011) (per curiam) ("Rather than providing a reasoned explanation, [the treating physician] simply opined in his conclusory fashion that [the claimant] was 'permanently and totally disabled' and 'will never be able to perform substantial gainful work activity.' Thus, [the treating physician's] letter more closely resembled an opinion on a matter reserved to the Commissioner than a medical opinion."). Thus, any error by the ALJ in not discussing these opinions in his decision is harmless.

Plaintiff further contends that, although the ALJ gave "some weight" to the October 2003 FCE (R. at 513-14), the ALJ did not properly evaluate the FCE because it "actually demonstrated that the Plaintiff did not demonstrate workplace tolerance sufficient for successful placement in gainful employment." Pl.'s Mem. Supp. Mot. Summ. J. 11, ECF No. 14-1. Rather, Plaintiff asserts that the FCE "demonstrated that [he] was incapable of performing substantial gainful activity eight hours per day, five days per week." *Id.* at 12. According to the FCE, however,

Plaintiff was capable of working an eight-hour workday. R. at 366, 368. In any event, the FCE was conducted by a physical therapist, who "does not even qualify as an 'acceptable medical source' under the regulations, but rather would qualify only as an 'other source,' whose opinions are entitled to significantly less weight." *Craig*, 76 F.3d at 590 (citing 20 C.F.R. §§ 404.1513, 416.913). Even if Plaintiff's argument regarding the ALJ's consideration of the FCE were meritorious, because the ALJ afforded the FCE "some weight" in determining Plaintiff's RFC to a reduced range of sedentary work (below the light level of work as determined by the FCE), any error claimed by the Plaintiff is harmless.

Plaintiff also asserts that the ALJ failed to include in his RFC assessment a requirement that Plaintiff needed a cane to stand and walk and that the ALJ "failed to explain his apparent rejection of the evidence supporting the Plaintiff's need for a hand-held assistive device." Pl.'s Mem. Supp. Mot. Summ. J. 12, 14, ECF No. 14-1. According to Plaintiff, "[t]he need for a hand-held assistive device to stand and walk would thus significantly impact [his] ability to perform occupations requiring bilateral manual dexterity." *Id.* at 13. The VE testified, however, that the job of order clerk could be performed with one hand (R. at 903), and Plaintiff points to no evidence of any manipulative limitations during the relevant period (R. at 326, 335, 890). In any event, "[e]ven assuming that Plaintiff does require a cane, there is no indication that use of a cane would prevent Plaintiff from performing the minimal standing, walking and carrying requirements of sedentary work," which the ALJ found that Plaintiff could perform (R. at 511). *Boyd v. Astrue*, C/A No. 4:10-237-CMC-TER, 2011 WL 3652299, at *2 (D.S.C. Aug. 17, 2011) (citing *Grebenick v. Chater*, 121 F.3d 1193 (8th Cir. 1997)); *see Catterton v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-11-1056, 2013 WL 2470082, at *2 (D. Md. June 6, 2013) ("Given the RFC for sedentary work, any error in omitting the need for a hand-held assistive device is

harmless, because by definition, little standing or walking is required to perform sedentary jobs."). Accordingly, Plaintiff's contention is without merit.

Plaintiff further maintains that the ALJ's RFC assessment is contradictory, contending that a 15- to 30-minute sit/stand option is equivalent to standing for four hours in an eight-hour workday and, therefore, inconsistent with the ability to stand or walk for no more than two hours in an eight-hour workday.  Pl.'s Mem. Supp. Mot. Summ. J. 11, ECF No. 14-1.

"The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday."  SSR 96-9p, 1996 WL 374185, at *6.  An option to stand for four hours, however, "is not a requirement.  Granting a sit/stand option every thirty minutes is not inconsistent with a finding that an individual can perform only sedentary work."  *Parker v. Colvin*, Civil No. JKS 11-2170, 2013 WL 4551821, at *5 (D. Md. Aug. 27, 2013); *see Daniels v. Colvin*, Civil Action No. TMD-11-00599, 2013 WL 6528913, at *2 (D. Md. Dec. 11, 2013) (While it is true that a limitation as this *might* preclude some types of sedentary work, Plaintiff is incorrect in his assertion that it automatically precludes all types of sedentary work." (footnote omitted)); *Garner v. Astrue*, Civil No. SKG-10-1930, 2011 WL 3758311, at *9 (D. Md. Aug. 23, 2011) ("[T]he mere determination that the claimant requires a sit-stand option does not require that the ALJ find the claimant disabled.  [SSR] 96–9p only requires that the ALJ consider whether there is work in the economy for the claimant despite her limitations.").  Plaintiff's argument in this regard thus is unavailing as well.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 23) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. The Commissioner's decision is **AFFIRMED**. A separate order shall issue.


Date: November 6, 2014                                          /s/
                                                         Thomas M. DiGirolamo
                                                         United States Magistrate Judge